Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission *v.* Stuart R. Feeser, Jr., and Avis Ann Feeser, husband and wife, Appellants.

Argued June 5, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*James H. Stewart, Jr.*, with him *Ralph W. Boyles, Jr.*, and *Nauman, Smith, Shissler & Hall*, for appellants.

*Sanford Kahn*, General Counsel, for appellee.

OPINION BY JUDGE WILKINSON, July 23, 1975:

This is an appeal from a decision of the Pennsylvania Human Relations Commission finding that appellants had committed unlawful discriminatory practices in violation of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §951, et seq. The order directed the payment of $5,500.00 in damages by appellants to complainants subject to the determination by the Pennsylvania Supreme Court of the right of the Pennsylvania Human Relations Commission to order payment of damages, and directed certain affirmative action procedures to prevent future discrimination.

Appellants raise three issues on this appeal. First, does the denial by the Common Pleas Court of a request by the Pennsylvania Human Relations Commission for a temporary injunction to prevent appellants from selling the property in question pending a determination of the merits of the case by the Pennsylvania Human Relations Commission on the grounds that the evidence presented to the Common Pleas Court did not establish probable cause collaterally estop further proceedings to determine

the merits of the complaint before the Pennsylvania Human Relations Commission? Second, did the fact that general counsel for the Pennsylvania Human Relations Commission represented the complainants before the hearing panel and at the same time gave legal advice to the hearing panel and the full Commission deny appellants due process of law? Third, are the findings of the Pennsylvania Human Relations Commission supported by substantial evidence?

With regard to the first question, we do not believe the decision of the Common Pleas Court denying an injunction in a proceeding under the provisions of Section 9.1 of the Pennsylvania Human Relations Act, 43 P.S. §959.1 (Supp. 1974-1975), is dispositive of the question then pending before the Pennsylvania Human Relations Commission. However, we will not labor the point, for in this case we have the decision of the Pennsylvania Supreme Court, with two justices dissenting, denying the Writ of Prohibition requested by appellants to prevent further proceedings by or before the Pennsylvania Human Relations Commission. Appellants argue that the denial by the Pennsylvania Supreme Court of such an extraordinary remedy as a Writ of Prohibition is not determinative of the merits of their argument. By the same token, if that be correct, the denial of the temporary injunctive relief is also the denial of such extraordinary remedy as not to be determinative of the merits which were then before the Pennsylvania Human Relations Commission.

On the second question of due process, we must sustain the position of appellants based on the recent decision of the Pennsylvania Supreme Court in *Horn v. Township of Hilltown,* _____ Pa. _____ , 337 A.2d 858 (1975). In that case, the decision of this Court was reversed in a case less compelling than the instant case. Justice O'BRIEN, speaking for a unanimous court, stated:

"In the case at bar, while we are not faced with a tribunal that has allegedly denied due process to a

litigant, we are presented with a governmental body charged with certain decision-making functions that must avoid the appearance of possible prejudice, be it from its members or from those who advise it or represent parties before it. In the instant case, the same solicitor represented both the zoning hearing board and the township, which was opposing appellants' application for a zoning variance. While no prejudice has been shown by this conflict of interest, it is our opinion that such a procedure is susceptible to prejudice and, therefore, must be prohibited." Pa. at , 337 A.2d at 860.

As required by *Horn,* we must remand this case for a new hearing.

With regard to the third question of whether the evidence supports the findings, since a new record must be made, it would be of no moment to resolve this question. However, it might be appropriate and perhaps helpful to observe that whether or not the appellants originally violated the Act by declining to further negotiate with complainants after learning that they were black is not controlling, since during the conciliation period appellants did offer to sell the property to the complainants. The real issue would seem to be whether the original negotiations had progressed far enough, before being broken off by appellants, to constitute an offer to sell at a fixed price and that the subsequent offer to sell at a higher price was at a price higher than that for which the house would have been offered had appellants not learned that the complainants were black.

Accordingly, we enter the following

## ORDER

Now, July 23, 1975, the order of the Pennsylvania Human Relations Commission in the above matter is set aside and the record is remanded for proceedings consistent with this opinion.