In Re: Appeal of Robert M. Feldman. Robert M. Feldman, Appellant.

Argued October 9, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Jay M. Goldstein,* for appellant.

*Joseph A. Damico, Jr.,* with him *Fronefield, deFuria and Petrikin,* for appellee.

OPINION BY JUDGE ROGERS, October 28, 1975:

Robert M. Feldman, a temporary professional employee of the Rose Tree Media School District, was notified that his performance had been rated unsatisfactory, that the School Board proposed to dismiss him, and that a hearing would be conducted upon his request.[1]

---

1. Pursuant to the requirement of the Local Agency Law, Act of Dec. 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

At the Board hearing subsequently convened, the School District's solicitor tried the case in support of the proposed action of dismissal. The same attorney thereafter either prepared or assisted in the preparation of the Board's adjudication of dismissal. Mr. Feldman appealed the Board's adjudication to the Court of Common Pleas contending that the unsatisfactory rating was made improperly and that the dual role of the Board's solicitor violated his, Feldman's, due process right to a fair hearing by the Board. The court below affirmed and Mr. Feldman has appealed, raising the same issues as before.

We do not reach the merits. In *Horn v. Township of Hilltown,*     Pa.     , 337 A.2d 858 (1975), our Supreme Court held that the possibility of prejudice in proceedings in which the same counsel represented both a zoning hearing board and a municipality having an interest in the litigation was a denial of due process. Following *Horn,* this Court held that it was equally a denial of due process for counsel of the Pennsylvania Human Relations Commission to represent complainants at a Commission hearing and to afford legal services to the Commission in adjudicating the complaint. *Pennsylvania Human Relations Commission v. Feeser,* 20 Pa. Commonwealth Ct. 406, 341 A.2d 584 (1975). In the instant case the learned judge of the court below, without the benefit of the *Horn* and *Feeser* decisions and relying on decisions of our Court that such dual representation was not a denial of due process in the absence of a showing of harm, nevertheless remarked "[a]lthough making this finding, [of the absence of harm], this Court would urge all school districts, wherever possible, to appoint counsel in similar situations that occur in the future, so as to avoid even the appearance of impropriety."

The School District argues that *Horn* is distinguishable on the ground that in the instant case the President of the School Board announced at the outset of the hear-

ing that the Board would not be represented by counsel at the hearing. The distinction is not telling because, as noted, the *Horn* decision was not based on the fact that the conflict resulted in prejudice but on the necessity that governmental bodies charged with decision making functions avoid the "appearance of possible prejudice."

     Pa. at    , 337 A.2d at 860.

We therefore reverse the order of the court below and remand the case for proceedings consistent with this opinion.