Commonwealth of Pennsylvania, Department of Insurance, William J. Sheppard, Insurance Commissioner *v.* American Bankers Insurance Company of Florida, Appellant.

Argued June 9, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and BLATT. Judges KRAMER and ROGERS did not participate.

*William R. Balaban,* with him *Thomas R. Balaban, Robert J. Demer,* and *Shaffer, Calkins & Balaban,* for appellant.

*Gerald Gornish,* Deputy Attorney General, with him *John H. Isom,* Assistant Attorney General, and *Andrew F. Giffin,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, August 26, 1976:

American Bankers Insurance Company of Florida (American) has appealed from an adjudication and order of the Insurance Commissioner (Commissioner) finding American in violation of Section 3 of The Fire, Marine and Inland Marine Rate Regulatory Act[1] and 31 Pa. Code §112.5(6). One hundred and ten separate violations were found, and a penalty of $50 for each violation was assessed, for a total of $5,500.

American contends that the prosecutorial and adjudicatory functions of the Department of Insurance (Department) were insufficiently isolated from each other during the presentation of the case against it at the hearing below. This commingling of functions, American argues, acted to deprive it of procedural due process. We must agree with American and therefore reverse and remand.

American's objection is based on the fact that the Associate Chief Counsel of the Department was appointed a Deputy Insurance Commissioner for the pur-

---

[1] Act of June 11, 1947, P.L. 551, *as amended,* 40 P.S. §1223.

pose of acting as the hearing examiner at American's hearing before the Department. As a result of this appointment, the associate counsel who prosecuted the Department's case was the direct subordinate of the hearing examiner who must act in an impartial judicial capacity.

While there is no showing of actual bias or prejudice on the part of the hearing examiner in this case, such a showing is not necessary to establish a lack of procedural due process. *Donnon v. Downingtown Civil Service Commission,* 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971). Just as the substantive law is designed to prevent and restrain the excesses of persons, the procedural law is designed to prevent and restrain the excesses of governmental power. An administrative body, as well as a court, must avoid even the appearance of possible prejudice. *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975).

The Commissioner contends, rightly, that there is no evidence that the hearing examiner aided in any way in the preparation of the complaint or the prosecution. However, the Supreme Court has held that "[a] man cannot sit as judge when he is a member of a board which has brought the accusations." *Gardner v. Repasky,* 434 Pa. 126, 130, 252 A.2d 704, 706 (1969). In the case at bar, the hearing examiner was a member, in a supervisory capacity, of the office and staff who brought the accusations against American. Therefore, we believe the ruling in *Repasky, supra,* is equally applicable here.

At the hearing, the examiner was naturally called upon to rule upon the admissibility of evidence and the pertinence of objections. Finally, he was entrusted with drafting the adjudication. In *State Board of Medical Education and Licensure v. Grumbles,* 22 Pa. Commonwealth Ct. 74, 347 A.2d 782 (1975), we noted that, when one assistant attorney general prosecuted

a case and another attached to the same office reviewed the transcript and prepared the adjudication, this was perilously close to a violation of due process rights. Likewise, in *Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong,* 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976), while we found no improper commingling of prosecutorial and adjudicatory functions when one attorney for the Human Relations Commission presented charges while another attached to the Commission served as legal advisor to the Commissioners, we stated that the situation was at the "interface of constitutionally permissible and impermissible commingling of prosecutorial and adjudicatory functions." 25 Pa. Commonwealth Ct. at 302, 361 A. 2d at 501. In this case, the line has been crossed.

Recently, the Supreme Court, in *Dussia v. Barger,* Pa. , 351 A.2d 667 (1975), held that the power to decide whether to prosecute, coupled with the ability to determine the merits of a case, constituted a commingling of functions and created a procedure susceptible to prejudice. This Court has also held it to be a violation of procedural due process when counsel for one party also advises the adjudicatory body. *See, e.g., In re Appeal of Feldman,* 21 Pa. Commonwealth Ct. 451, 346 A.2d 895 (1975) ; *Human Relations Commission v. Feeser,* 20 Pa. Commonwealth Ct. 406, 341 A.2d 584 (1975).

In *English v. North East Board of Education,* 22 Pa. Commonwealth Ct. 240, 348 A.2d 494 (1975), we interpreted *Dussia, supra,* as announcing a standard for due process in the Commonwealth more stringent than the requirements under the Federal law. The procedures followed in the case at bar, we believe, are even more susceptible of prejudice than those invalidated in *Dussia, supra.*

193

We therefore reverse the determination of the Commissioner and remand for a hearing[2] in which the separation of prosecutorial and judicial functions will be strictly observed. Because of our holding on this issue, we find it unnecessary to discuss American's remaining objections.

ORDER

Now, this 26th day of August, 1976, the order of William J. Sheppard, Insurance Commissioner, in the above-named case, is reversed and the case remanded for disposition consistent with this opinion.

President Judge BOWMAN dissents.

[2] This is the proper disposition to insure the integrity of the administrative procedure. *Horn, supra; Feeser, supra; Donnon, supra.*