Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission *v.* Stuart R. Feeser, Jr. and Avis Ann Feeser, Husband and Wife, Appellants.

Argued February 1, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James H. Stewart, Jr.,* with him *Ralph W. Boyles, Jr.,* and *Nauman, Smith, Shissler & Hall,* for appellants.

*Sanford Kahn,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, March 29, 1977:

This is an appeal from a decision of the Pennsylvania Human Relations Commission (Commission) which found that Stuart R. Feeser and his wife, Avis Ann Feeser (appellants), had committed unlawful discriminatory practices in violation of Section 5 of the Pennsylvania Human Relations Act (Act), 43 P.S. §955.

This case originated when Nelson Williams and Delores Williams, husband and wife, filed a complaint with the Commission on August 23, 1973, charging that

---

[1] Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §951 et seq.

Stuart Feeser had refused to sell them a particular house in South Hanover Township, Dauphin County, because of their race. After the Commission's investigation established probable cause to credit the allegations and its attempt to conciliate the dispute was unsuccessful, it then scheduled a public hearing. An amended complaint was served on the appellants on November 12, 1973, which added Avis Ann Feeser as a respondent, and two public hearings were subsequently held before a three member hearing panel of Commissioners. The panel heard testimony and oral argument, considered briefs filed by the parties and then reported to the Commission, which adopted the panel's recommendation that the appellants be found to have committed the discriminatory practices charged in the complaint. It also adopted the panel's proposed findings of fact, conclusions of law and final order, and it ordered the appellants to pay the sum of $5,500 to the complainants for the emotional distress suffered as a result of the appellants' unlawful conduct. The appellants were further ordered to implement an affirmative program of compliance with the Act. Their appeal to this Court[2] was followed by a further appeal to the Pennsylvania Supreme Court[3] on procedural grounds, and the case has now been returned here by the Supreme Court for a decision on the merits.

The Administrative Agency Law[4] limits our scope of review here to a determination as to whether or not the findings of fact necessary for the Commission's adjudication were supported by substantial evi-

---

[2] See Pennsylvania Human Relations Commission v. Feeser, 20 Pa. Commonwealth Ct. 406, 341 A.2d 584 (1975).

[3] See Pennsylvania Human Relations Commission v. Feeser, Pa. , 364 A.2d 1324 (1976).

[4] Act of June 4, 1945, P.L. 1388, as amended, 71 P.S. §1710.1 et seq.

dence, whether or not the adjudication was made in accordance with law, and whether or not the Commission abused its discretion either in reaching its decision or in directing appropriate relief. *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong*, 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976).

The appellants argue initially that the efforts of the Commission to conciliate the dispute were defective under the provisions of Section 9 of the Act, 43 P.S. §959, which set forth a three step procedure for handling complaints filed with the Commission. This procedure requires that: (1) the Commission investigate all complaints which are filed with it, and, should the investigation reveal that there is probable cause to credit the allegation of the complaint, the Commission must give the respondent an opportunity to respond to such allegations at a preliminary hearing; (2) if there is still reason to believe that the complaint is valid after this preliminary hearing, the Commission must attempt to conciliate the matter, and if the attempt to conciliate fails, the Commission must hold a public hearing on the charges; (3) if the complaint is sustained in the public hearing, the Commission must issue findings of fact and a final order requiring the respondent to stop the discriminatory practice and to take any necessary affirmative action.

The attempt by the Commission to conciliate the dispute here took place at a meeting on September 13, 1973 at which Stuart Feeser, his attorney, and three employees of the Commission were present, and the appellants argue that this conciliation meeting was defective in that the complainants were not also present. We note, however, that there is no requirement in either Section 9 of the Act or in the regulations promulgated pursuant thereto that both complainant

and respondent be present at the conciliation meetings. We believe, therefore, that the decision as to whether or not both parties should be present at such meetings is one that must be left to the discretion of the Commission. The role intended for the Commission in these meetings is clearly one of mediation which may or may not, and certainly does not *always* require the presence of both parties. There is no evidence in the record here that the appellants requested that the complainants be present at this meeting, the record indicating only that the Commission employees explained to Stuart Feeser at the meeting what the complaint was and suggested a way to settle the dispute which he rejected. We believe that this attempt to conciliate the dispute with Stuart Feeser was sufficient to satisfy the requirements of Section 9. The appellants argue further, however, that Avis Ann Feeser was denied her right of conciliation, and our review of the record supports this contention. We must, therefore, reverse the adjudication of the Commission as to her. Avis Ann Feeser was joined as an additional respondent in an amended complaint which was served on her on November 12, 1973, almost two months after the unsuccessful conciliation meeting held with Stuart Feeser. We believe that the Commission's failure to offer her an opportunity for a conciliation meeting before a public hearing was held on the matter was in clear violation of the mandate of Section 9 which requires the Commission to endeavor to eliminate the discriminatory practice complained of by conference, conciliation and persuasion *before* a public hearing is held, and we interpret Section 9 to require that each individual named in a complaint filed with the Commission must be offered an opportunity to conciliate the dispute. We are unpersuaded by the Commission's argument that Avis Ann Feeser's interests were represented in the original

conciliation meeting attended by her husband almost two months before she was joined in the action by the amended complaint. Because Avis Ann Feeser was denied the opportunity to conciliate the dispute, therefore, the adjudication of the Commission as to her must be reversed.

The appellants urge that it was beyond the power of the Commission to award compensatory damages for emotional distress, and we agree. As we have held in *Zamantakis v. Pennsylvania Human Relations Commission*, 10 Pa. Commonwealth Ct. 107, 308 A.2d 612 (1973), the broad discretion granted the Commission to issue effective orders in the interest of the correction of discriminatory practices does not include the power to order compensatory damages to be paid for mental anguish and humiliation. We believe, therefore, that it was an error of law for the Commission to order compensatory damages here for emotional distress caused to the complainants and that the award of such damages to the complainants must be reversed.

The appellants also argue that the refusal of the full Commission to hear oral argument and to permit the submission of briefs before it issued its final order denied them due process of law. The record, however, indicates that the hearing panel heard oral argument at the conclusion of the testimony presented before it and that the parties were permitted to submit briefs to the panel. It also indicates that the request by the appellants for further oral argument *before the hearing panel* after the briefs had been submitted was taken under advisement but that no such additional argument was granted. We believe that it was within the discretion of the hearing panel to decide if additional argument would be helpful, and the proposed findings of fact and conclusions of law submitted to the full Commission by the hearing panel contained rulings on the issues argued and briefed by

the appellants, all of which were considered by the full Commission in issuing its final order. The appellants were clearly provided with an opportunity to present testimony and argument in support of their position. Under these circumstances, we can find no denial of due process.

The appellants argue finally that the Commission's findings of fact are not supported by substantial evidence. This Court defined substantial evidence in *A. P. Weaver & Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 505, 284 A.2d 515, 518 (1974) as follows:

'[S]ubstantial evidence' should be construed to confer finality upon an administrative decision on the facts when, upon an examination of the entire record, the evidence, including the inferences therefrom, is found to be such that a reasonable man, acting reasonably, *might* have reached the decision; but, on the other hand, if a reasonable man, acting reasonably, *could not* have reached the decision from the evidence and its inferences then the decision is not supported by substantial evidence and it should be set aside. (Emphasis in original.)

We have carefully reviewed the entire record in the light of this definition and we believe that there is substantial evidence therein to support the Commission's findings that the appellant had committed discriminatory practices in violation of the Act. These findings are therefore binding on this Court. *Pennsylvania Human Relations Commission v. Transit Casualty Insurance Co.,* 20 Pa. Commonwealth Ct. 43, 340 A.2d 624 (1975).

The order of the Commission, therefore, directing Stuart Feeser to implement an affirmative program of compliance with the Pennsylvania Human Relations Act is hereby affirmed. This order is reversed as to

Avis Ann Feeser and as to the payment of compensatory damages for emotional distress suffered by the complainants.

### ORDER

AND Now, this 29th day of March, 1977, the final order of the Pennsylvania Human Relations Commission, dated November 4, 1974, in the above-captioned matter, is reversed as to Avis Ann Feeser. The order is affirmed as to Stuart Feeser, except that paragraphs 1, 2 and 3 of this order are set aside.