Commonwealth of Pennsylvania, Department of State, Commissioner of Professional & Occupational Affairs, State Board of Podiatry Examiners *v.* Edward L. Chairman, David M. Rose and Ronald Brittner, Appellants.

Argued June 10, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Gilbert B. Abramson*, with him *Philip L. Blackman* and *Eilberg, Corson, Getson & Abramson*, for appellants.

*Louis B. Rubin*, Assistant Attorney General, with him *Gerald Gornish*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, September 15, 1977:

After an extended investigation by the Department of Public Welfare into three podiatrists' alleged billing irregularities and overzealous toenail care for mental patients, hearings were scheduled to determine whether the podiatrists had violated medical assistance regulations. Thereafter, the State Board of Podi-

atry Examiners (Board) notified the podiatrists that it would conduct a hearing in accordance with the Administrative Agency Law[1] to determine whether their professional licenses should be revoked.

At the license hearings which followed, the Board's solicitor[2] presented the case for the Commonwealth. In addition, he apparently made evidentiary rulings[3] and gave advice to members of the Board.[4] It also appears that after the Board had decided to suspend the podiatrists' professional licenses, the solicitor was instrumental in drafting the formal adjudication and order.

---

[1] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

[2] *See* Record, Vol. II, at 368a.

[3] "By Mr. Alexander [the prosecuting Assistant Attorney General]:

"Q. In discussing Drs. Chairman and Rose with me when I interviewed you, did you say to me after looking over groups of these invoices that it was, and I'm going to quote you, it was obvious to you that, '. . . the Respondents were screwing the hell out of the Commonwealth.'

"Mr. Abramson: Now, I will object. That's an opinion of this doctor.

"Mr. Alexander: He's an authority.

"Mr. Abramson: What does that have to do with facts that you are going to produce out of the witness stand.

"Mr. Alexander: He's entitled to an opinion.

"Mr. Abramson: That's libelous and defamatory. That's not facts. If he can give us facts in how they were quote screwing the hell out of the Commonwealth, then do it. But to place their names in this fashion, I think that's extremely improper.

"The Witness: I don't recall every [sic] saying that.

"Mr. Abramson: Is the Board going to rule on my objection?

"Mr. Alexander: We'll accept your objection and strike that from the record." Record, Vol. I, at 55a-56a. *See also* Record, Vol. II, at 498a.

We refrain here from commenting in detail on the prejudicial effect of such improper questioning.

[4] Record, Vol. II, at 368a. *See also* Record, Vol. III, at 579a.

Two of the podiatrists have appealed the suspensions to this Court, contending, *inter alia,* that they were denied procedural due process by the commingling of judicial and prosecutorial functions.

The basic law of this Commonwealth regarding the denial of due process by the commingling of judicial and prosecutorial functions has been stated in *Horn v. Township of Hilltown,* 461 Pa. 745, 748, 337 A.2d 858, 860 (1975); the Court quoting from *In re Murchison,* 349 U.S. 133, 136 (1955):

'A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. . . . This Court has said . . . that ''every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law.'' Tumey v. Ohio, 273 U.S. 510, 532.'

*Accord, State Dental Council and Examining Board v. Pollock,* 457 Pa. 264, 270, 318 A.2d 910, 914 (1974). In particular, it has been held that an attorney who represents a party before a tribunal may not advise the tribunal during the hearing process. *Horn, supra; English v. North East Board of Education,* 22 Pa. Commonwealth Ct. 240, 348 A.2d 494 (1975). *See also Pennsylvania Human Relations Commission v. Feeser,* 469 Pa. 173, 364 A.2d 1324 (1976). Nor may an attorney advise the tribunal during the decisional process. *Horn, supra. See also Feeser, supra.* Indeed, where one attorney represents a party before a tribunal and an-

other attorney from the same office or department advises the tribunal, the right to a fair trial may be impaired. *Compare State Board of Medical Education & Licensure v. Grumbles*, 22 Pa. Commonwealth Ct. 74, 347 A.2d 782 (1975), *with Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong*, 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976). However, a prosecutor's assistance in the preparation of a formal adjudication and order *after* the decisional process of a tribunal is complete may not deny due process. *See Pollock, supra. But see In Re: Appeal of Feldman*, 21 Pa. Commonwealth Ct. 451, 346 A.2d 895 (1975) (school board's solicitor tried case and prepared or assisted in preparing adjudication).

The actions of the Board's solicitor in the instant case fall squarely within the activity proscribed in *Feeser, Horn,* and *English.* That the solicitor was allowed to advise the tribunal with respect to ongoing proceedings created an impermissible appearance of possible prejudice. *See Horn, supra; Commonwealth v. American Bankers Ins. Co.*, 26 Pa. Commonwealth Ct. 189, 363 A.2d 874 (1976); *Donnon v. Downingtown Civil Service Commission*, 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971).

We therefore reverse the determination of the Board and remand for a hearing in which the separation of judicial and prosecutorial functions will be strictly observed. *See Horn, supra; American Bankers, supra; Donnon, supra.* Because of our holding on this issue, we find it unnecessary to discuss appellant's remaining contentions.

### Order

And Now, this 15th day of September, 1977, the order of the State Board of Podiatry Examiners in the above captioned case is reversed and the case remanded for disposition consistent with this opinion.

Judge KRAMER did not participate in the decision in this case.