Board of Trustees, Luzerne County Community College, Dr. James Toole, Board Chairman, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission and Joan S. Skurnowicz, Respondents.

122

Argued October 4, 1977, before President Judge Bowman and Judges Wilkinson, Jr., Rogers and Blatt. Judge Crumlish, Jr. did not participate.

Richard M. Goldberg, with him Hourigan, Kluger & Spohrer Associates, for appellants.

James D. Pagliaro, Assistant General Counsel, with him Sanford Kahn, General Counsel, for appellees.

OPINION BY JUDGE BLATT, December 21, 1977:

The Luzerne County Community College appeals here from an adjudication of the Pennsylvania Human Relations Commission (Commission) which concluded that the College had committed a discriminatory employment practice in denying Joan S. Skurnowicz employment as a college instructor.

Ms. Skurnowicz had applied to the College for a teaching position in 1972. She was subsequently notified that a temporary position was available in the College's history department for the second semester of the 1973-74 academic year. Following interviews, the history department's chairperson and the College's academic dean concluded that Ms. Skurnowicz was the best qualified candidate for the position and they recommended her for appointment by the College's Board of Trustees. The Board, however, rejected this recommendation and appointed a male applicant to fill the position. Ms. Skurnowicz then filed a complaint with the Commission alleging that the College had denied her employment because of her sex in violation of Section 5(a) of the Pennsylvania Human Relations Act[1] (PHRA), 43 P.S. §955(a). After an investigation and an unsuccessful attempt to conciliate the dispute, a three member panel of the Commission

[1] Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §951 et seq.

held a hearing and subsequently issued an adjudication which concluded that the College had violated Section 5(a) in not hiring Ms. Skurnowicz. The hearing panel's adjudication was adopted by the Commission and the College has now appealed to this Court.

Section 44 of the Administrative Agency Law,[2] 71 P.S. §1710.44, limits our scope of review here to a determination as to whether or not the findings of fact necessary for the Commission's adjudication are supported by substantial evidence, whether or not the adjudication was made in accordance with law and whether or not the Commission abused its discretion in reaching its decision or in directing appropriate relief. *Pennsylvania Human Relations Commission v. Feeser*, 29 Pa. Commonwealth Ct. 437, 439-40, 371 A. 2d 549, 551 (1977). The College argues here that its reasons for not hiring Ms. Skurnowicz are non-discriminatory and justifiable and that the Commission's findings are not supported by substantial evidence.

Section 5(a) of the PHRA provides in pertinent part:

It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification. . .

(a)   For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, if the individual is the best able and most competent to perform the services required. . . .

---

[2] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

This section clearly guarantees all individuals the right to equal employment with a limitation that the individual concerned must be the "best able and most competent to perform the services required" among the candidates for the position sought. Our Supreme Court considered the "best able and most competent" clause of Section 5(a) in *General Electric Corp. v. Pennsylvania Human Relations Commission,* 469 Pa. 292, 301, 365 A.2d 649, 654 (1976), and held that it is the employer's burden in an employment discrimination case to demonstrate that a complainant was not the best able and most competent to perform the services required among the candidates for the position.

The College argues here that its selection of the male applicant was based upon bona fide occupational qualifications and was justifiable because his qualifications were preferable to those of Ms. Skurnowicz. At the hearing it advanced three reasons why it considered the male applicant to be the more qualified, but the Commission's adjudication contained findings of fact which dismissed each of these reasons and concluded that they were merely pretextual. Our review, therefore, focuses here on the issue of whether or not the Commission's findings were supported by substantial evidence. We have previously held, of course, that an administrative decision is supported by substantial evidence when, from an examination of the entire record and the inferences therefrom, a reasonable person might have reached the same decision. *St. Andrews Development Co., Inc. v. Pennsylvania Human Relations Commission,* 10 Pa. Commonwealth Ct. 123, 127-28, 308 A.2d 623, 625 (1973).

The first justification advanced by the College was that the male applicant was better qualified to teach the courses required, and the vacant position required the teaching of courses in European Civilization and Russian History. The record indicates that the male

applicant selected for the position held a Master's Degree in International Affairs and that he had no experience in teaching but that he did work for a year as an intelligence analyst on Russian affairs for the United States Defense Department. Ms. Skurnowicz, on the other hand, held a Doctor of Philosophy Degree in Modern European History with a specialization in Russian and European History and a Master's Degree in History, and had held teaching positions at both the College and secondary levels in subjects similar to those required in the vacant position. The Commission found that the male applicant was less qualified than Ms. Skurnowicz, and we believe that this finding is supported by substantial evidence. Not only does the record clearly establish that Ms. Skurnowicz had two advanced degrees, and teaching experience in the required areas whereas the male applicant had a degree in an area not directly related to the subjects to be taught, he had no teaching experience whatsoever. As did the Commission, we find that the College's argument that the male applicant was more qualified because of his single year of nonteaching experience in a related area to be unpersuasive.

The second justification advanced by the College was that the male applicant was a resident of Luzerne County and that Ms. Skurnowicz was not. The Commission found, however, that Luzerne County residency was not a requirement for employment at the College, and the record indicates that county residency had never been an announced requirement for employment. Indeed, both before and after Ms. Skurnowicz' rejection, residents of other counties were hired by the College. In this context, we believe that the Commission's finding is amply supported by the record.

The College's final justification for not hiring Ms. Skurnowicz was an economic one: that she would have

to be paid $500 more in salary than the male applicant, but the Commission found that this claim was not supported by the evidence. The record shows that the salary for the position in question was not set by any established salary schedule because it was considered only temporary and further that salary had never been discussed with Ms. Skurnowicz. We must therefore agree with the Commission's finding that the College's claim that it would be required to pay Ms. Skurnowicz more than the male applicant is not supported by the evidence.

The College also argues that a finding of fact by the Commission concerning the number of women employed on the College faculty is not supported by substantial evidence. The Commission's finding was that every faculty rank was 100% male with the exception of the rank of assistant professor, which was 84% male and 16% female, and the Commission based this finding on a list of the faculty which was contained in the College's 1972-73 catalog and which had been entered into evidence at the hearing. The names are listed in the catalog without any specific indication of the gender of each individual, and the Commission argues that it was free to evaluate the names on the list with the knowledge that certain names are frequently given exclusively to males or females and in that way determine the gender of the individuals listed. Although administrative fact-finders are free to draw reasonable inferences from the evidence presented to them, we do not believe that gender is a fact which always can be reliably inferred from a given first name. We have previously held that statistics illustrating an imbalance of minority individuals in an employer's work force are acceptable evidence to support a complaint before the Commission alleging discriminatory employment practices. *See Pennsylvania Human Relations Commission v. St. Joe Minerals Corp.,*

24 Pa. Commonwealth Ct. 455, 459, 357 A.2d 233, 236 (1976). In the present case, however, the method used to collect the statistics indicates mere speculation on the part of the fact-finder. Because we do not believe that the sexual composition of the faculty can be accurately determined by a simple perusal of individual names, we conclude that this finding is not supported by substantial evidence and must be disregarded.

The College also challenges a finding that every member of the faculty serving in the history department in 1972-73 had prior teaching experience when initially hired and that the Board of Trustee's decision to hire the male applicant who had no prior teaching experience marked a departure from past practice. Our careful examination of the record indicates, however, that this finding is supported by both exhibits and testimony and it is therefore binding on this Court.

The College argues finally that the Commission's conclusion of law that the College violated Section 5 (a) of the PHRA is unsupported by the findings of fact because there is no specific finding of fact that the College had engaged in sex discrimination. The Commission's pertinent findings, which we find to be supported by substantial evidence, indicate that a qualified individual was denied employment for reasons not reasonably connected with the efficiency or safety of the employer's business and that the position in question was subsequently offered to a less qualified individual of the opposite sex. We believe that the findings, together with the reasonable inferences that may be drawn from them, are sufficient to support the conclusion that the College had violated Section 5(a) in refusing employment to Ms. Skurnowicz.

The order of the Commission is affirmed.

## Order

AND Now, this 21st day of December, 1977, the order of the Pennsylvania Human Relations Commission dated August 27, 1976 and docketed at E-5585 is hereby affirmed.