Dominick Romano, Petitioner *v.* The Pennsylvania Insurance Commissioner, William J. Sheppard and The Pennsylvania Insurance Commission, Respondents.

Argued May 11, 1979, before Judges BLATT and MACPHAIL, sitting as a panel of two.

*Ronald N. Watzman,* and *Shelley W. Elovitz,* for petitioner.

*Hannah Leavitt,* Assistant Attorney General, and *J. Justin Blewitt,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 9, 1979:

Dominick Romano (petitioner) seeks review of an order of the Insurance Commissioner (Commissioner) which revoked his license to act as an insurance agent and imposed a penalty of $1,000.00 upon him pursuant to Section 639 of The Insurance Department Act of 1921 (Act)[1], 40 P.S. §279, which gives the Commissioner discretion to impose such sanctions upon an agent who engages in such conduct as would disqualify him or her from the initial issuance of a license.

The petitioner has been convicted in a federal district court of conspiracy and racketeering. The indictment on which the convictions were based charged that he, while serving as a justice of the peace, referred persons brought before him to a certain bail bond agency which would write their bonds and then split the fees collected with him. Upon notification of this conviction, the Commissioner issued a show cause order and a hearing was held at which the Commissioner found as a fact that the petitioner had been convicted of conspiracy and racketeering and, reasoning that the commission of a felony would disqualify the petitioner from the initial issuance of a license, issued the subject order.

The petitioner argues first that the Commissioner's order is unconstitutional because it constitutes cruel and unusual punishment and because Section 639 of the Act does not provide for the consideration of mitigating circumstances. We cannot agree with either contention. In the first place, the revocation

---

[1] Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §1 et seq.

of his license and the imposition of a $1,000.00 penalty upon the petitioner is in no way disproportionate to his misconduct, especially in the light of the Commissioner's obligation to protect the insurance-buying public from unscrupulous agents. In the second place, Section 639 does permit the Commission discretion which he expressly exercised in the adjudication under review, taking into consideration his responsibilities as well as the petitioner's circumstances.[2]

The petitioner next asserts that he was denied due process because both the hearing officer and the attorney who prosecuted his case were assistant attorneys general assigned to the Insurance Department by the Department of Justice. He relies on *Department of Insurance v. American Bankers Insurance*

---

[2] The Commissioner's adjudication contained the following comments:

The problem is what to impose on Respondent by way of penalty for his violation of 639 of the Act. The Commissioner is acutely aware of the policy of the Commonwealth not to forever hold over a Respondent's head past transgressions. Further revocation of Respondent's license, his only means of livelihood, is a serious blow. On the other hand, the Commissioner has the duty to protect the public from unworthy agents and also to maintain the appearance of worthiness among agents. In consideration of the Commissioner's duty to the public it is impossible to ignore the convictions of Respondent for a felony especially when such conviction bears on the sale of insurance. While Respondent was not convicted of any act as an insurance agent, he participated in a scene that did involve the sale of insurance.

In consideration of the above factor, it is appropriate to revoke Respondent's license and to impose a penalty of $1,000. At this time it is too soon to judge whether or not Respondent has satisfactorily rehabilitated himself. Upon the expiration of a minimum of six months time, Respondent may again apply for licensure by showing that he has successfully rehabilitated himself.

*Co. of Florida,* 26 Pa. Commonwealth Ct. 189, 363 A.2d 874 (1976), in which we found a commingling of functions where "the hearing examiner [had been] a member, in a supervisory capacity, of the office and staff who brought the accusations. . . ." On appeal from our decision in that case, our Supreme Court agreed that "[s]uch commingling of prosecutorial and adjudicatory functions in one individual offends fundamental notions of due process and is constitutionally impermissible." *Department of Insurance v. American Bankers Insurance Co. of Florida,* 478 Pa. 532, 534, 387 A.2d 449, 450 (1978). There is, however, no similar evidence in the case before us, and we think that it is within the bounds of *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong,* 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976), where "we found no improper commingling of prosecutorial and adjudicatory functions when one attorney for the Human Relations Commission presented charges while another attached to the Commission served as legal advisor to the Commissioners. . . ." *American Bankers Insurance, supra,* 26 Pa. Commonwealth Ct. at 192, 363 A.2d at 875-76.

Finally, the petitioner contends that the Commissioner failed to consider any mitigating circumstances. As we noted above, however, the Commissioner expressly did so; we must therefore conclude that this argument likewise is without merit.

The order of the Insurance Commissioner is therefore affirmed.

ORDER

AND Now, this 9th day of August, 1979, the order of the Insurance Commissioner in the above-captioned matter is hereby affirmed.