541 A.2d 1189

Robert L. Redcay, Petitioner *v.* Insurance Commissioner of the Commonwealth of Pennsylvania, Respondent.

Submitted on briefs April 20, 1988, to Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Gary S. Auerbach, Law Offices of Roy D. Shirk,* for petitioner.

*James A. M. Zarrella,* Assistant Counsel, with him, *Terrance J. Fitzpatrick,* Chief of Litigation, *Linda J. Wells,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, May 31, 1988:

Robert L. Redcay (petitioner) appeals an order of the Insurance Commissioner (Commissioner) revoking his license to act as an insurance agent and imposing a cumulative penalty of $7,000.00 in accordance with

Section 639 of The Insurance Department Act of 1921[1] and Section 1 of the Act of June 22, 1931, P.L. 622, *as amended,* 40 P.S. §483, which provisions, respectively, afford the Commissioner discretion in imposing sanctions upon any agent who engages in conduct which would disqualify such agent from the initial issuance of a license and upon any applicant who misrepresents his qualifications to the Insurance Department (Department).

In 1983, the petitioner pled guilty to the federal charge of conspiracy to possess with intent to distribute and conspiracy to distribute cocaine. Over the next two years, petitioner submitted six applications for resident insurance agent licenses with the Department. On each application, filed in writing and under oath, petitioner responded in the negative to the following inquiry: "Have you ever been convicted, pled guilty or nolo contendere to a crime or misdemeanor other than a traffic violation or are you now under indictment?"

Upon consideration of the above conduct on petitioner's part, the Commissioner issued a show cause order and a hearing was held, following which the Commissioner found as fact that petitioner's criminal conviction and knowing provision of erroneous information on the six license applications reflected adversely on his professional competence and integrity, such that he was unworthy to be licensed as an insurance agent. Revoking all licenses held by petitioner,[2] the Commissioner imposed the maximum allowable monetary penalties as follows: (1) an amount of $1,000.00, pertaining to his criminal conviction, and (2) $1,000.00 for *each* of his six

---

[1] Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §279.

[2] The Commissioner found as fact that petitioner had maintained an insurance agent's license at all times relevant to the instant proceeding.

acts of falsification of information in his licensure applications.

Petitioner now argues that the sanctions ordered by the Commissioner were excessively severe, such that they amounted to an abuse of discretion on the Commissioner's part. We cannot agree with this contention. The Commissioner is "obligat[ed] to protect the insurance-buying public from unscrupulous agents," *Romano v. Sheppard,* 45 Pa. Commonwealth Ct. 19, 21, 404 A.2d 758, 759 (1979), and, as noted, is statutorily afforded discretion in determining sanctions commensurate with the subject misconduct. We see no reason to disturb the Commissioner's exercise of such discretion in the instant matter.[3] Surely the revocation of petitioner's license and the imposition of a $1,000.00 fine for *each* statutory violation are sanctions not disproportionate to his misconduct, comprising his criminal conviction and intentional misrepresentations.

Accordingly, the order of the Insurance Commissioner is affirmed.

### ORDER

AND NOW, this 31st day of May, 1988, the order of the Insurance Commissioner in the above-captioned matter is affirmed.

---

[3] Petitioner's contention that maximum sanctions are appropriate only in circumstances where the public is *actually* harmed by an agent's conduct is specious. Moreover, the Commissioner rejected petitioner's contention that Department employees directed him to respond in the negative to the inquiry regarding his criminal history.