Jack H. Pincus, M.D., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Medical Education & Licensure, Respondent.

Argued November 21, 1980, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Stanton D. Levenson,* for petitioner.

*Kenneth E. Brody,* Assistant Attorney General, with him *Edward Biester,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 27, 1981:

Jack Howard Pincus, M.D., the holder of a license to practice medicine in the Commonwealth of Pennsylvania, has appealed from an order of the State Board of Medical Education and Licensure (Board) revoking his license to practice his profession for a period of 1 year, after which time he shall be entitled to apply for the restoration of his license.

On February 7, 1979, the Board issued a citation and notice of hearing, charging Dr. Pincus with violations of Section 15(a)(3), (6), and (8) of the Medical Practice Act of 1974,[1] the provisions of which read as follows:

(a) The board shall have authority to refuse, revoke or suspend the license of a physician for any or all of the following reasons:

....

(3) Being convicted of a felony in the courts of this Commonwealth or any other state, territory or country. Conviction as used in this paragraph shall include a finding or verdict of guilt, an admission of guilt or a plea of nolo contendere.

....

(6) Violating a lawful regulation promulgated by the board or violating a lawful order of the board, previously entered by the board in a disciplinary proceeding.

....

(8) Being guilty of immoral or unprofessional conduct. Unprofessional conduct shall include any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice, in which pro-

---

[1] Act of July 20, 1974, P.L. 551, as amended, 63 P.S. §421.15(a)(3), (6), (8).

ceeding actual injury to a patient need not be established.

On November 20, 1978, Dr. Pincus pled guilty in the United States District Court for the Western District of Pennsylvania to one count of conspiracy to dispense controlled substances and to one count of attempt to dispense controlled substances. Dr. Pincus admitted issuing prescriptions for Didrex and Fastin to his patients for weight control, without a medical necessity for such controlled substances. Dr. Pincus was sentenced to a term of imprisonment of 6 months to be followed by a 2-year special parole term and was fined $10,000.

Dr. Pincus filed an answer to the Board's charges in which he admitted the aforementioned plea of guilty and that the drugs Didrex and Fastin were dispensed for weight control without medical necessity. Also, he admitted that the dispensing of drugs without medical justification does not constitute acceptable medical practice.

This appeal raises a single issue: Was the penalty imposed upon Dr. Pincus by the Board unduly severe and does it, therefore, constitute an abuse of discretion by the Board?

After careful consideration, we find no abuse of discretion or illegality in the Board's imposition of a 1-year revocation of Dr. Pincus's license to practice medicine nor can we substitute our own judgment[2] for that of the Board's where, as here, the penalty is reasonable. *Boyd v. State Board of Osteopathic Examiners*, 12 Pa. Commonwealth Ct. 620, 317 A.2d 307 (1974).

---

[2] The distinction between judicial review of administrative discretion and substituting judicial discretion for administrative discretion is well recognized. A court should be reluctant to substitute its judgment for that of the concerned administrative agency. *See State Real Estate Comm'n v. Bewley*, 1 Pa. Commonwealth Ct. 85, 272 A.2d 531 (1971).

Section 15(a)(8) of the Medical Practice Act of 1974 empowers the Board to revoke the license of a physician for unprofessional conduct, which is defined as including any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice. Here, Dr. Pincus acknowledges that his actions constituted unprofessional conduct. Since the Board is empowered to maintain the high standards which the people of this Commonwealth have a right to expect from their doctors and there is nothing in this record which impels us to the conclusion that the penalty here imposed by the Board was other than the exercise of a sound discretion,[3] we must affirm the Board's order.

---

[3] The reasoning for the Board's action in this case can be summarized in the words of the hearing examiner, who stated: "A physician whose responsibility is to treat patients and aid them has violated that responsibility when he engages in conduct which permits an individual to obtain drugs which are subject to abuse without a medical necessity for the use of those drugs. That kind of conduct cannot be condoned."

ORDER

AND Now, this 27th day of January, 1981, the order of the State Board of Medical Education and Licensure, dated October 17, 1979, revoking Jack Howard Pincus's license to practice medicine for a period of 1 year, is hereby affirmed.