Clark John Harrington, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Commissioner of Professional and Occupational Affairs and the State Real Estate Commission, Respondents.

Argued October 10, 1980, before Judges BLATT, CRAIG, and WILLIAMS, JR., sitting as a panel of three.

*William J. Fair,* for petitioner.

*Joseph S. Rengert,* Assistant Attorney General, with him *James J. Kutz,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., March 31, 1981:

This is a Petition for Review filed by Clark John Harrington (Petitioner) from an Order of the State Real Estate Commission (Commission) which revoked the Petitioner's real estate license.

The Petitioner has been a licensed real estate broker since May 20, 1970. On February 24, 1975, he was convicted in Federal Court of bribery and conspiracy. As a result of these convictions, on May 29, 1979, the Commission issued a citation and notice of hearing on the Petitioner to show cause why his real estate license should not be revoked pursuant to Sections 10(a) and 11(b) of the Real Estate Brokers License Act (Act).[1] These sections provide for revoca-

_____

[1] Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §§440(a), 441(b).

tion of the real estate license of a licensee who is convicted of such offenses.

A hearing was held on June 29, 1979, before the Commission. Although the Petitioner's attorney had filed an Answer to the Commission's citation, neither the Petitioner nor his attorney appeared at the hearing. On December 5, 1979, the Commission issued Findings of Fact, Conclusions of Law, and an Order revoking the Petitioner's license pursuant to Section 11(b) of the Act. Petitioner seeks review of that Order by this Court.

It is clear from the record that the Commission bases its revocation of Petitioner's license solely on Section 11(b) of the Act; the Commission's Conclusion of Law, Number 5, establishes that the evidence provided by this record is insufficient to support any violations of Section 10(a).[2] Therefore, this Court's review will be confined to the provisions of Section 11(b).

Section 11(b) provides as follows:

> (b) Where during the term of any license issued by the department, the licensee shall have pleaded guilty, or entered a plea of nolo contendere, or has been found guilty in a court of competent jurisdiction, in this or any other state, of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, bribery, or other offense or offenses, involving the misappropriation, larceny or burglary of money or property

_____

[2] Conclusions of Law, Number 5, contains the following: The evidence is insufficient to support a finding that Respondent's conduct involved either a knowing substantial misrepresentation, a continued or flagrant course of misrepresentation, or an act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith or dishonesty, in violation of the Real Estate Brokers' License Act, *supra*, 63 P.S. §440(a)(1), (3) or (7).

belonging to the Commonwealth or any of its political subdivisions or to private persons, businesses or corporations or involving obligations insured by the United States of America or any of its agencies or the Commonwealth of Pennsylvania or any of its agencies, and a duly certified or exemplified copy of the record in such proceeding shall be filed with the commission, the commission shall revoke *forthwith* the license by it theretofore issued to the licensee so convicted. (Emphasis added.)

63 P.S. §441(b).

The Petitioner urges that this section of the Act, by requiring that the Commission act "forthwith" in the revocation of the license of a convicted licensee, bars the Commission from revoking his license due to the doctrine of laches.

This Court has recognized that laches may be asserted as a defense in an administrative disciplinary action. *Ullo v. Commonwealth of Pennsylvania, State Board of Nurse Examiners*, 41 Pa. Commonwealth Ct. 204, 398 A.2d 764 (1979). However, laches cannot be imputed by the mere passage of time; at the very minimum, there must be some showing that the person asserting the defense has been harmed by the delay. *Ullo, supra; Churchill Area School District Appeal*, 30 Pa. Commonwealth Ct. 413, 374 A.2d 1000 (1977). It is likewise the law that laches is an affirmative defense, and the burden of proof thereof is on the pleading party. *Pusey v. Wright*, 31 Pa. 387 (1858).

In the case at bar, it was incumbent upon the Petitioner to prove the dual elements of laches: delay, and harm or prejudice which was attributable to that delay. The proper forum in which to offer his proof was the hearing before the Commission on June 29, 1979. At that hearing the Commonwealth produced a certified copy of the Judgment and Probation Commit-

ment Order which indicated that the Petitioner had been found guilty as alleged in the citation. The Petitioner did not appear at the hearing, thereby failing to avail himself of his rightful opportunity to prove the defenses which he had asserted. This failure to appear was fatal to his cause. No evidence was presented in his behalf, and none of the defenses raised in his Answer and New Matter were advanced at that critical stage of the proceedings against him.

Our scope of review in this matter is strictly defined. We are limited to determining whether the Commission abused its discretion, committed an error of law, or made findings of fact not based upon substantial evidence. *Leach v. Commonwealth of Pennsylvania, State Real Estate Commission*, 25 Pa. Commonwealth Ct. 474, 360 A.2d 269 (1976); *Meth v. Commonwealth of Pennsylvania, State Real Estate Commission*, 14 Pa. Commonwealth Ct. 203, 321 A.2d 221 (1974). Unless our review of the record before us discloses one or more of these specific deficiencies, we must affirm.[3] It is beyond our province to take evidence on matters which were properly justiciable below.

The only evidence presented at the hearing before the Commission was the Commonwealth's evidence of the Petitioner's Federal criminal convictions. Consequently, the sole issue before this Court is whether the Commission's Findings, Conclusions, and Order are supported by that evidence.

We hold that the Commission's findings and conclusions are supported by the record evidence and that the Commission's Order revoking the Petitioner's real estate license was properly mandated by Section 11(b)

---

[3] Our Opinion is not to be read as condoning what appears to be an inordinate delay in instituting revocation proceedings in this case.

of the Act. Therefore, the Commission's Order is affirmed.

ORDER

AND Now, the 31st day of March, 1981, the Order of the State Real Estate Commission, dated December 5, 1979, at No. 76-RE-768, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.