Irene Conlon, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Nurse Examiners, Respondent.

Submitted on briefs June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Dennis L. Friedman,* for petitioner.

*Mary S. Wyatte,* Assistant Counsel, with her *James J. Kutz,* Assistant Counsel, *David F. Phifer,* Chief Counsel, and *Jay Waldman,* General Counsel, for respondent.

350

OPINION BY JUDGE BLATT, August 18, 1982:

Irene Conlon (petitioner) appeals here from an order of the State Board of Nurse Examiners (Board) suspending her license to practice as a registered nurse for one year.

The petitioner was charged with misappropriating several vials of Demerol for her own personal use while employed as a registered nurse at Frankford Hospital on May 30, 1977. When subsequently confronted with the results of a hospital investigation, she admitted to having substituted water for the Demerol in the vials. She was discharged and was unable to secure new employment as a nurse until November 1977, when, by not disclosing her past record, she was hired by the Rolling Hills Hospital and was employed there until July, 1978. Upon their learning of the previous incident, the hospital dismissed her.

The petitioner was served with a citation and notice of hearing by the Board on April 24, 1978 and, at the time of the hearing on May 23, 1978, the petitioner proposed that she be permitted to continue nursing for a six-month probationary period, during which time she would be under a psychiatrist's care; the Commonwealth did not present its case at that time. The Board denied her request, and scheduled another hearing on October 16, 1978 at which the petitioner admitted and stipulated to the factual allegations set forth in the citation. On January 28, 1981, the Board issued an adjudication and order suspending her license to practice as a registered nurse for one year.

The petitioner argues that the more than two-year delay between the hearing and the adjudication, on a set of uncontradicted facts and admitted wrongdoing by the petitioner, constituted unconscionable, cruel and unusual punishment, as well as a deprivation of due process.

It is true that a procedure to suspend or revoke a professional license is penal in nature and that delay clearly tends to frustrate the just resolution of such matters. *State Dental Council and Examining Board v. Pollock,* 457 Pa. 264, 318 A.2d 910 (1974). However, to succeed in a contention that constitutional rights were violated here, the petitioner must demonstrate that some harm or prejudice to her interests resulted from the delay. *Ullo v. State Board of Nurse Examiners,* 41 Pa. Commonwealth Ct. 204, 398 A.2d 764 (1979). She argues that, in reliance on the inaction of the Board, she changed her economic position by purchasing a new home and that she is presently the head-of-household and provider for her minor child. She had, however, admitted her wrongdoing and knew or should have known that a penalty was likely to result. In addition, there is nothing in the record which indicates that she sought a more expeditious resolution of her case prior to committing herself to a financial undertaking of such substantial dimensions as the purchase of a house. She cannot now, therefore, claim that her interests have been prejudiced by actions which she herself voluntarily undertook while awaiting the Board's determination. *Roche v. State Board of Funeral Directors,* 63 Pa. Commonwealth Ct. 128, 437 A.2d 797 (1981).

She argues further that the imposition of a suspension at this point in time results, in effect, in a double punishment inasmuch as she did not work for over a year-and-a-quarter because of anxieties associated with the Board's alleged delay. The record, however, does not support the reason given by the petitioner as to why she was not employed. The petitioner's attorney at the hearing stated that, after having lost her job at Frankford Hospital, she had found it very difficult to become re-employed, but that she had finally secured work at Rolling Hills Hospital, which

job she also lost when the hospital learned of her problem at Frankford. He went on to say that, at the time of the hearing, she continued to be unemployed and that she was then six months pregnant and would not be practicing nursing until some time after the birth of her child. During the intervening period between the hearing and the adjudication, therefore, the petitioner's ability to practice her profession remained in place and during that period she was, therefore, not hampered from working as a nurse by anything other than the unwillingness of hospitals to employ her because of her professional misconduct and, for a limited time, by her physical condition. She has failed to demonstrate, therefore, that she suffered prejudice or harm as a result of whatever delay occurred. *Tighe v. State Board of Nurse Examiners,* 40 Pa. Commonwealth Ct. 367, 397 A.2d 1261 (1979). Nor can we say that she suffered cruel and unusual punishment or that she was denied due process.

We feel constrained, however, to note that the Board's seemingly dilatory conduct in adjudicating this matter could not be countenanced under other circumstances. There was a two-year delay here in resolving a case in which the nurse in question had admitted and had stipulated to having committed the offense with which she had been charged and nothing save the penalty remained to be decided. It would seem to us that the Board clearly has a duty to act reasonably when it gives or "takes away" licenses, and that this responsibility includes a prompt adjudication of all actions brought before it which impact upon a nurse's ability to sustain herself financially through the practice of her profession. Moreover, this is but the most recent of a number of cases which have come before this Court in which professional boards have been guilty of apparently inordinate delay in adjudicating actions brought before them. We would strong-

ly urge the legislature to consider establishing statutory time limitations within which all professional boards must hold hearings and issue adjudications.

In this particular case, however, and in view of the petitioner's failure to establish that she was harmed or prejudiced by the Board's delay, we will affirm the order of the Board.

### Order

And Now, this 18th day of August, 1982, the order of the State Board of Nurse Examiners is affirmed.