Lawrence Jackson, Petitioner *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Argued February 2, 1983, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

540

*Robert Scandone,* for petitioner.

*Michael L. Solomon,* Assistant Counsel, with him *Joseph S. Rengert,* Assistant Counsel, *James J. Kutz,* Assistant Counsel, and *David F. Phifer,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, March 11, 1983:

Lawrence Jackson (petitioner) appeals here an order of the State Real Estate Commission (Commission) which revoked his license pursuant to Section 11 (b) of the Real Estate Brokers License Act (Act), Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §441(b), repealed by the Act of February 19, 1980, P.L. 15.[1] The petitioner had previously pleaded nolo contendere to aiding and abetting in the making of material false and fraudulent statements on a Veterans Administration application for a home loan guarantee. Under the Act's provision, the license shall be revoked when a copy of the criminal proceeding record is filed with the Commission.

Notice of the petitioner's nolo contendere plea was received by the Commission on May 11, 1978, yet it was not until December 15, 1980 that a citation and notice of hearing was issued. A hearing was subsequently held on March 9, 1981. It is the petitioner's contention here that the delay of over two years between the filing of the plea with the Commission and the notice of hearing gives rise to the defense of laches.

Our scope of review in this matter is strictly defined. We are limited to a determination of whether or not the Commission abused its discretion, committed an error law, or made findings of fact not based upon substantial evidence. *Harrington v. Department*

---

[1] A similar provision is now found in Section 604 of the Real Estate Licensing Act, 63 P.S. §455.604(14).

*of State,* 58 Pa. Commonwealth Ct. 137, 427 A.2d 719 (1981).

It is clear that the defense of laches is available as a defense in an administrative disciplinary action. *Id.* However, it is equally clear that for the defense of laches to apply, more than mere passage of time must be shown. It is required that the person asserting the defense show harm or prejudice resulting from the delay. *See Churchhill Area School District Appeal,* 30 Pa. Commonwealth Ct. 413, 374 A.2d 1000 (1977). As an affirmative defense, the petitioner has the burden of proving the delay and the resultant prejudice. *Harrington.*

The petitioner argues that prejudice is found in that he relied on his counsel's advice that the nolo contendere plea would not effect his license and that inasmuch as the Commission did not act, he assumed the advice was correct. Had he notice of the proceedings before the Commission sooner, so the argument proceeds, he would have taken steps to withdraw the plea. The Board counters, however, that the petitioner did not place any evidence on the record that he would have taken the affirmative acts necessary to withdraw the plea, and in addition, the Commission argues that even if there was reliance on counsel, the petitioner should not be able to escape sanction solely because of improper legal advice. We agree with the Commission that the petitioner has not met his burden of proof on this issue and that the Commission would be remiss in its duty to protect the public if it were to dismiss the charges based on this showing alone. *See also Ullo v. State Board of Nurse Examiners,* 41 Pa. Commonwealth Ct. 204, 398 A.2d 764 (1979) (laches unavailable where the petitioner could not prove harm from a two-year delay in issuing the citation).

The petitioner argues next that because the Act requires the Commission to revoke the license "forth-

542

with,'' the Commission's failure to act for the two and a half year period requires reversal. We believe that this argument is merely a rewording of the petitioner's first argument and must fail for the same reasons. This Court in *Harrington* considered this statutory directive but held nonetheless that without a showing of prejudice, the Commission's actions must stand.

Delay in the administrative process, especially in the area of professional licensing, has become a serious concern for all involved, and this Court has not and will not condone or excuse improper delays. *See Roche v. State Board of Funeral Directors*, 63 Pa. Commonwealth Ct. 128, 437 A.2d 797 (1981). However, the petitioner here has failed to meet his burden of proving prejudice, and we cannot find an error of law or an abuse of discretion by the Commission, so we must affirm the Commission, while at the same time admonishing it that such extended delay should be avoided.

ORDER

AND Now, this 11th day of March, 1983, the order of the State Real Estate Commission in the above-captioned matter is hereby affirmed.