David C. Bennighof, M.D., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Medical Education and Licensure, Respondent.

Argued September 12, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Stanton D. Levenson,* for petitioner.

*James J. Kutz,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, Chief Special Litigation, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 4, 1983:

David C. Bennighof, M.D. (Petitioner), appeals from a State Board of Medical Education and Licensure (Board) adjudication and order suspending his medical license for thirty days pursuant to Section 15 of the Medical Practice Act of 1974 (Act).[1]

On December 1, 1978, Petitioner pleaded guilty in the United States District Court for the Western District of Pennsylvania to five counts of Medicare fraud involving thirty-nine patients during a period from 1974 to 1976. Petitioner was sentenced to two years probation, fined $20,000 and ordered to make restitution of $1026. In a separate proceeding, Petitioner was suspended from the Medicare program for eighteen months.

The Board subsequently issued a citation and notice of hearing on November 1, 1979, charging Petitioner with violating Section 15(a)(2), (3), (6) and (8) of the Act, 63 P.S. §421.15(a)(2), (3), (6) and (8), which, absent paragraph (8),[2] reads as follows:

(a) The board shall have authority to refuse, revoke or suspend the license of a physician for any or all of the following reasons:

. . . .

(2) Making misleading, deceptive, untrue or fraudulent representations in the practice of medicine; practicing fraud or deceit in obtaining a license to practice medicine and surgery; or making a fake or deceptive biennial registration with the Board.

---

[1] Act of July 20, 1974, P.L. 551, as amended, 63 P.S. §421.15.

[2] Although cited as a violation, the Board concluded correctly in its adjudication that Petitioner did not violate Section 15(a)(8) of the Act, which concerns "unprofessional conduct." See Catena v. State Board of Medical Education and Licensure, 49 Pa. Commonwealth Ct. 542, 548, 411 A.2d 869, 872 (1980) ("Medicare fraud does not constitute unprofessional conduct as defined in Section 15(a)(8).")

(3) Being convicted of a felony in the Courts of this Commonwealth or any other state, territory or county. Conviction as used in this paragraph shall include a finding or verdict of guilt, an admission of guilt or a plea of nolo contendere.

(6) Violating a lawful regulation [3] promulgated or violating a lawful order of the Board, previously entered by the Board in a disciplinary proceedings.

Petitioner, by answer, admitted the Board's charges and a hearing was scheduled for December 10, 1979. Prior to that date, however, the Commissioner of Professional and Occupational Affairs notified Petitioner (without providing any explanation) that the hearing would be continued indefinitely. More than two years after the issuance of the citation and hearing notice, the hearing was convened before a hearing examiner on February 25, 1982.[4] The hearing examiner's adjudication and order suspending Petitioner's medical license for thirty days was affirmed by the Board on May 27, 1982.

Petitioner argues that the more than two year delay between the institution of the disciplinary proceedings by citation and the hearing precludes the Board from imposing any penalty.[5] For Petitioner to prevail, however, more than mere passage of time

---

[3] Petitioner was also cited as violating Board regulations at 49 Pa. Code §17.251(a)(2) and (13).

[4] The reason for the inordinate delay remains a mystery; neither the record nor Board's counsel during oral argument have provided any illumination.

[5] Our scope of review is limited to a determination of whether constitutional rights were violated, and whether the adjudication is in accordance with law and supported by substantial evidence. *Catena*, 49 Pa. Commonwealth Ct. at 549, 411 A.2d at 872; (citing Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704).

must be shown. *Jackson v. State Real Estate Commission*, 72 Pa. Commonwealth Ct. 539, 541, 456 A.2d 1169, 1170 (1983). Petitioner is burdened with proving that the delay prejudicially hampered his defense or otherwise harmed him. *Id.* Inasmuch as Petitioner has admitted the Board's charges thus obviating the necessity of a vigorous defense, and has failed to show or even allege that he was otherwise harmed, this argument must fail. *See, Conlon v. State Board of Nurse Examiners*, 68 Pa. Commonwealth Ct. 349, 449 A.2d 108 (1982); *Ullo v. State Board of Nurse Examiners*, 41 Pa. Commonwealth Ct. 204, 398 A.2d 764 (1978). *We do not, however, condone or excuse the improper, inordinate and unexplained delay in this case.*

Petitioner next argues that, in light of the civil and criminal penalties already imposed, the Board's sanction, a thirty day medical license suspension, is unduly severe and constitutes an abuse of discretion. After thoroughly considering the record, we find no abuse of discretion in the Board's imposition of the penalty. *See, Pincus v. State Board of Medical Education and Licensure*, 56 Pa. Commonwealth Ct. 329, 424 A.2d 999 (1981); *Catena.* When, as here, the penalty is reasonable, we will not substitute our judgment for that of the Board's.

Finding Petitioner's last contention challenging the hearing examiner's refusal to admit, on relevancy grounds, the criminal indictment, citation and Board's order and adjudication regarding another physician involved in Medicare fraud, to be meritless, we affirm the Board's decision.

### ORDER

AND Now, this 4th day of November, 1983, the order of the State Board of Medical Education and Licensure in the above-captioned matter is affirmed.