Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.

Argued May 3, 1984, before Judges MacPhail, Colins and Barbieri, sitting as a panel of three.

*Michael J. McCaney, Jr.*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for petitioner.

*G. Thompson Bell*, Assistant General Counsel, with him, *Elisabeth S. Shuster*, General Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 19, 1984:

The Pennsylvania Department of Transportation (DOT) has brought this appeal from an order of the Pennsylvania Human Relations Commission (Commission). The Commission concluded that Richard E. Law (Complainant) had been denied a promotion by DOT to the position of Storekeeper II in the Berks County Maintenance Department (Maintenance Department) on the basis of a non-job related handicap or disability. The Commission ordered that Complainant be offered the next available position of Storekeeper II in the Maintenance Department and that he be awarded back pay and seniority status retroactive to November 2, 1979.

The Commission's fact findings, which are supported by substantial evidence,[1] establish that Complainant was originally hired by DOT as a laborer in 1974. In 1976, Complainant's back was injured while working as an Equipment Operator. He subsequently reinjured his back in 1979 and was placed on perma-

---

[1] Our scope of review is to determine whether the Commission's adjudication is in accordance with law and whether the fact findings are based on substantial evidence. *National Railroad Passenger Corp. v. Pennsylvania Human Relations Commission*, 70 Pa. Commonwealth Ct. 62, 452 A.2d 301 (1982).

nent light duty. Complainant was advised by his doctor in 1977 and again in 1978 that he should lift no more than twenty-five pounds and should not operate heavy equipment.

Beginning in March or April of 1979, Complainant began working four hours per day in the Maintenance Department Storeroom, as an assistant to the Storekeeper. When the position of Storekeeper II became available in October, 1979, Complainant applied for the position, but was rejected. Believing his rejection was due to his back condition, Complainant filed a formal discrimination complaint with the Commission on or about October 30, 1979. A staff investigation established probable cause to support the complaint allegations and, following unsuccessful attempts at conciliation, a public hearing was scheduled for November 8, 1982.

Based on the evidence adduced at hearing, the Commission found that DOT had failed to promote Complainant to the position of Storekeeper II because it believed that he would be unable to perform the duties of the job by reason of his back disability. The Commission further found that Complainant was, indeed, physically capable of performing the duties required of a Storekeeper II. In particular, the Commission found that the position did not require heavy lifting and that if such lifting was required, there were numerous people available to assist the Storekeeper.

DOT has raised a plethora of issues in this appeal. Initially, DOT contends that the Commission's findings with regard to Complainant's disability are not supported by substantial evidence. Without addressing each of DOT's many objections individually, suffice it to say that we have carefully reviewed the record in this case and have found substantial evidence to support the Commission's conclusion that Com-

plainant is a handicapped or disabled person as defined by pertinent law.[2] We further note that much of DOT's argument in this regard is a challenge to the Commission's credibility determinations. As conceded by DOT, however, questions regarding the credibility of witnesses and the weight to be accorded the evidence presented are for the Commission alone to resolve. *Harmony Volunteer Fire Co. v. Pennsylvania Human Relations Commission,* 73 Pa. Commonwealth Ct. 596, 459 A.2d 439 (1983).

DOT also challenges the Commission's findings regarding Complainant's qualifications for the Storekeeper II position. The Commission found that Complainant received positive recommendations for the Storekeeper position from three of his superiors. While DOT has objected to one of the recommendations as constituting hearsay, we observe that the remaining two recommendations, in addition to Complainant's own testimony regarding his experience in the storeroom, are adequate to support the Commission's finding that Complainant was qualified to perform as a Storekeeper II. DOT's remaining objections to this portion of the adjudication again raise matters of credibility which are within the province of the Commission.

DOT next argues that the Commission erred in failing to make a finding as to whether Complainant was *best* qualified for the position of Storekeeper II. Section 5(a) of the Pennsylvania Human Relations Act (Act), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §955(a) provides, in pertinent part, that it is an unlawful discriminatory practice "[f]or any employer because of the . . . non-job related handicap or disability of any individual to refuse to hire or employ

---

[2] *See* 16 Pa. Code §44.4.

. . . such individual . . . *if the individual is the best able and most competent to perform the services required."* (Emphasis added.) While we agree with DOT that the Commission made no specific finding on the issue of whether Complainant was *best* qualified for the Storekeeper II position, we nevertheless conclude that a remand for further findings is unnecessary under the circumstances of this case.

Pennsylvania case law has established that a prima facie case of employment discrimination can be made out by proof that 1) the complainant is a member of a protected minority, 2) he applied for a position for which he was qualified, 3) he was rejected and 4) the employer continued to seek applicants with equal qualifications. *General Electric Corp. v. Pennsylvania Human Relations Commission,* 469 Pa. 292, 365 A.2d 649 (1976). Once the prima facie case is established, a rebuttable presumption of employment discrimination arises. The burden of production then shifts to the employer to show a legitimate non-discriminatory reason for the rejection. *Winn v. Trans World Airlines, Inc.,* 75 Pa. Commonwealth Ct. 366, 462 A.2d 301 (1983). One way that this burden can be met is to show, under Section 5(a) of the Act, that the complainant was not the best qualified applicant. If the employer meets this burden, then the duty of producing evidence of pretext lies with the complainant. *Department of Community Affairs v. Burdine,* 450 U.S. 248 (1981). The complainant also carries the ultimate burden of persuasion as to whether the employer had discriminatory motive in rejecting his application. *Harrisburg School District v. Pennsylvania Human Relations Commission,* 77 Pa. Commonwealth Ct. 594, 466 A.2d 760 (1983).

In the instant matter, it is clear that Complainant established a prima facie case. The Commission found,

based on substantial evidence, that Complainant does suffer from a handicap or disability, that he is qualified for the Storekeeper II position, that he was rejected for that position and that DOT continued to seek qualified applicants.

The Commission then addressed itself to the non-discriminatory reasons put forth by DOT to justify its action in rejecting Complainant. Among these were DOT's claims that Complainant's disability was job-related and that Complainant was not hired because he lacked initiative and ambition. The Commission rejected the contention that Complainant's disability was job-related on the basis of record evidence that in 1979 the Storekeeper II position did not require heavy lifting and that if such lifting was necessary, adequate assistance was available.

The Commission also rejected DOT's allegation, which we think relates to the "best qualified" issue, that it did not hire Complainant because he lacked initiative and ambition. The Commission, in essence, ruled that this allegation was pretextual in view of the clear evidence presented by Complainant that his interviewer at DOT believed that he was physically incapable of performing the Storekeeper's duties and rejected him for that reason.[3] Thus, the Commission concluded that Complainant had carried his ultimate burden of demonstrating a discriminatory motive with

---

[3] We note that there is substantial evidence to support the Commission's finding that Complainant was not hired by reason of his disability. Both Complainant and a co-worker testified that the job interviewer, Mr. Sammak, specifically stated that he did not consider Complainant physically capable of performing the Storekeeper's duties. We, therefore, need not rule on the merits of DOT's objection to the introduction of testimony which Mr. Sammak himself allegedly gave in a 1980 labor arbitration hearing which also indicates that the rejection of Complainant was based on his back disability.

regard to his rejection. In light of the Commission's finding of discriminatory motive, we conclude that a remand for a more specific finding as to whether Complainant was "best qualified" is unwarranted.

DOT's next argument is that it would create an undue hardship to require DOT to hire a person with a twenty-five pound lifting limitation for the Storekeeper II position because a person with such lifting restrictions would require assistance from otherwise occupied employees resulting in an inefficient operation. This argument appears to be yet another effort to demonstrate that Complainant's disability is job-related. As such, it must again be rejected. We also note, however, that pertinent Commission regulations provide that, "An employer shall make reasonable accommodations by modifying a job, including but not limited to modification of duties . . . . *assistance provided*, and the like, provided that such modification shall not impose an undue hardship." 16 Pa. Code §44.14(a) (emphasis added). We think that the Commission's adjudication requires at most, a reasonable accommodation.

DOT's next arguments relate to the procedure followed by the Commission in reaching its adjudication. DOT first contends that the Commission erred in failing to have each of its members review the record before taking final action on the case.

The Commission consists of a total of eleven members. Section 6 of the Act, 43 P.S. §956. Only one member of a three member hearing panel actually presided at the hearings in the instant case. This procedure was proper under applicable regulations and provisions of the Act. *See* Section 9(g) of the Act, 43 P.S. §959(g) and 16 Pa. Code §42.102(a). Following the hearings, all three members of the hearing panel were required to review the record and draft a

recommended adjudication. The minutes of the Commission's August 29, 1983 compliance session indicate that the adjudication was then reviewed and approved, with one modification, by a quorum of the full Commission. DOT's argument that each member of the Commission was required to review the entire record is without merit. The only statutory requirement is that, "the recommended findings, conclusions and order made by said members or permanent hearing examiner shall be reviewed and approved or reversed by the Commission before such order may be served upon the parties to the complaint." Section 9(g) of the Act, 43 P.S. §959(g). The Commission followed this statutory mandate and is required to do no more under the Act.

While DOT has not directly challenged the constitutionality of the Act, it has cited several cases which hold that due process is satisfied when less than a full complement of an administrative body sit for a hearing, so long as all members of that body review the record before rendering an adjudication. *Independent School District v. State Board of Education*, 53 Pa. Commonwealth Ct. 38, 417 A.2d 269 (1980); *Ullo v. State Board of Nurse Examiners*, 41 Pa. Commonwealth Ct. 204, 398 A.2d 764 (1979); *Fleming v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974). DOT apparently concludes that these cases would require that all members of the Commission review the entire record in the instant case. We observe, however, that in each of the cited cases the pertinent statute required that the entire body "hear" the case presented. We ruled that this did not require the physical presence of the entire body at the hearing, as long as those who were required to "hear" the case reviewed the record before rendering a decision. In the instant matter, the Act

provides that hearing panels comprised of less than the full Commission "shall constitute the Commission for any hearing required to be held by the Commission under this act." Section 9(g) of the Act. Since the Act does not require that the full Commission "hear" each case, we conclude that the full Commission also need not review the entire record prior to adjudication. Due process is satisfied when the designated hearing panel reviews the record, as it did here, before making its recommendation.

DOT also contends that the Commission improperly voted on final action on Complainant's case *before* the hearing panel's written recommendation was prepared. DOT points out that a quorum of the Commission voted to approve the panel's recommendation on August 29, 1983, but that the written recommendation is dated September 26, 1983, almost a month later. The Commission, however, contends that the reason the final recommendation is dated September 26, is that the Commission had voted on August 29 to modify the damages portion of the panel's recommended order as it was then drafted. The panel, accordingly, revised its recommendation and dated it as of the date of final preparation. While the Commission's actions in this regard could have been more clearly documented, the minutes of the August 29 compliance session do bear out the Commission's allegation that the reason for the disparity in dates is that final approval of the panel's recommendation was conditioned on modification of the order. We further note that by order dated October 13, 1983 and signed by Chairperson Yaffe, the Commission finally adopted the findings of fact, conclusions of law and opinion of the hearing panel.

The final argument regarding the Commission's adjudicatory procedure is that the presence of the

prosecuting attorney at the August 29 compliance session created an impermissible commingling of adjudicatory and prosecutorial functions. The Commission contends that while the prosecuting attorney was present at the meeting, his presence was required for matters unrelated to the instant case and he provided no advice or *ex parte* information regarding Complainant's case to the Commission.

We have held in the past that where a prosecuting attorney also provides advice to the hearing body, a new hearing is required even without proof of actual prejudice. *Bruteyn Appeal*, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977). Absent proof that such advice was given by the prosecutor, however, we believe that actual prejudice must be demonstrated in order to require a new hearing. We observe that absent proof to the contrary, the law presumes that public officials have acted properly. *Loyal Order of Moose Lodge No. 145 v. Pennsylvania Human Relations Commission*, 16 Pa. Commonwealth Ct. 433, 328 A.2d 180 (1974). While we do not condone the presence of the prosecuting attorney at the Commission's compliance session in this case, we have found no proof that the prosecutor in any way rendered advice to the Commission or that DOT was actually prejudiced by his presence. We, accordingly, will not order a new hearing.

DOT's final argument is that this matter is barred by laches due to the three year delay between the time the complaint was filed and the commencement of the first hearing. While this Court has applied the equitable doctrine of laches to cases involving administrative disciplinary action,[4] it is not clear that the defense of laches should be applied in other administrative

---

[4] *See Flickinger v. Department of State*, 64 Pa. Commonwealth Ct. 147, 439 A.2d 235 (1982) ; *Harrington v. Department of State*, 58 Pa. Commonwealth Ct. 137, 427 A.2d 719 (1981).

proceedings.[5]   Assuming,   without   deciding,   that laches may be raised in the instant case, it is clear that more than the mere passage of time must be shown by DOT.   It must also be established that some harm or prejudice has resulted from the delay.   *Jackson v. State Real Estate Commission*, 72 Pa. Commonwealth Ct. 539, 456 A.2d 1169 (1983).   We have carefully considered DOT's allegations of harm and find them inadequate to establish a valid defense of laches.

We, accordingly, will order that the Commission's adjudication and order be affirmed.

#### ORDER

The order of the Pennsylvania Human Relations Commission, Docket No. E-16935, dated October 13, 1983, is hereby affirmed.

---

[5] As we stated in *Churchill Area School District Appeal*, 30 Pa. Commonwealth Ct. 413, 415 n.1, 374 A.2d 1000, 1002 n.1 (1977), "while administrative discretion should be exercised in equitable fashion, the equitable doctrines of laches and estoppel in pais are not for application in administrative proceedings just as they are not for application in actions at law."