Kathryn A. Kindle, R. N., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Nurse Examiners, Bureau of Professional and Occupational Affairs, Department of State, Respondent.

Submitted on briefs September 13, 1984, to Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Jon C. Botula,* with him, *Frank W. Ittel,* for petitioner.

*David F. Phifer,* Chief Counsel, Department of State, *Joyce McKeever,* Chief Counsel, Professional & Occupational Affairs, and *Jerome Grossi,* Counsel, Professional & Occupational Affairs, respondent.

Opinion by Judge Colins, December 19, 1984:

Kathryn Kindle (Petitioner) appeals from a decision of the State Board of Nurse Examiners (Board) to suspend her nursing license and to require her to submit to a psychiatric examination as a condition of regaining her license.

In 1979 petitioner was employed as a registered nurse at Doctor's Osteopathic Hospital in Erie, when she was caught misappropriating Demerol and Dilaudid for her own use. She was arrested on July 16, 1979 and charged with numerous violations of the Controlled Substance, Drug, Device and Cosmetic Act[1]

---

[1] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§780-101-144.

(Act) and the Crimes Code.[2] She was immediately discharged from her nursing position. A guilty verdict was entered following her nolo contendere plea to four counts of violating the Act and six counts of violating the Crimes Code.

On March 19, 1980 she was sentenced to a fifteen year probation, a $200 fine, and $150 in restitution. She entered a drug program on August 20, 1979 and was successfully discharged on June 30, 1980. By the time her license was suspended in 1983, she had been employed at the Alpine Manor Nursing Home in Erie since September 8, 1981 and had been highly rated by her supervisor, who apparently knew of her probation. She received an early termination of her probation on February 3, 1983, after serving only three years of her fifteen year sentence.

The Board began investigating the matter in 1980. It did not begin formal proceedings until January 19, 1983, when it issued a citation to her. A hearing was held on March 15, 1983, and the adjudication and order were issued on October 28, 1983. The Board ordered that the petitioner's license be suspended indefinitely. The suspension will terminate if, after one year, a psychiatric report by a Board certified psychiatrist is submitted to the Board, attesting to the fact that the petitioner is drug-free.

Petitioner alleges that the Board abused its discretion in suspending her license more than four years after her misconduct and that the record does not justify a physical or mental examination under Section 224(2) of the Professional Nursing Law.[3]

Petitioner's first allegation has been raised by others in *Ullo v. State Board of Nurse Examiners*, 41 Pa. Commonwealth Ct. 204, 398 A.2d 764 (1979), and

---

[2] 18 Pa. C. S. §§101-9183.

[3] Act of May 22, 1951, P.L. 317, *as amended*, 63 P.S. §224(2).

*Conlon v. State Board of Nurse Examiners,* 68 Pa. Commonwealth Ct. 349, 449 A.2d 108 (1982). In *Ullo* the nurse in question had her license suspended (for one year) after a two year delay by the Board. In *Conlon* there was a two year delay between the hearing and license suspension. In both instances we clearly required that the petitioner show that some harm or prejudice to her interests has been caused by the delay.

We hold that a four year delay is excessive and prejudicial per se in the instant matter.

We must note, as we did in *Ullo,* that we cannot condone such an excessive delay. We again urge that some statutory limitation be required within which the Board must hold hearings and issue adjudications. The two year delay complained of in *Ullo* and *Conlon* has now been exceeded by a nearly four year delay. A prompt adjudication would serve the interests of the public, the individual nurses, and their profession in general.

Accordingly, the decision of the Board is reversed.

ORDER

AND Now, December 19, 1984, the order of the Department of State, Bureau of Professional and Occupational Affairs, dated October 28, 1983, is reversed.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

While I agree with the majority that the Board should have acted more expeditiously, I fail to see how the delay has prejudiced the Petitioner. As the majority admits, there is no statutory provision or Board regulation which sets a time limit within which the Board must act. By this decision, the Court has

legislated such a limitation. I do not believe it is within our province to do so.

Furthermore, reversal of the Board's order will also vitiate the necessity for psychiatric certification of the Petitioner's complete rehabilitation. The misconduct of the Petitioner was serious. In my opinion she should not be permitted to resume her professional career without penalty and without some protection for the public.

For the foregoing reasons I would affirm the Board's order.