512 A.2d 1355

Commonwealth of Pennsylvania, Pennsylvania State Police, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.

Argued November 13, 1985, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Joseph S. Rengert,* Assistant Counsel, for petitioner.

*Ellen K. Barry,* Assistant General Counsel, with her, *Elisabeth S. Shuster,* General Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 30, 1986:

This is an appeal by the Pennsylvania State Police (PSP) from an order of the Pennsylvania Human Relations Commission (Commission) which adopted the findings and conclusions of a three member hearing panel which concluded that the PSP had violated Section 5 of the Pennsylvania Human Relations Act,[1] (Act), 43 P.S. §955, by dismissing Almando Carrasquillo, a Puerto Rican probationary status state trooper. The Commission ordered that Carrasquillo be reinstated with full backpay and interest.

---

[1] Act of October 27, 1955, P.L. 744, *as amended.*

Section 5 provides in pertinent part:
It shall be an unlawful discriminatory practice
. . . [f]or any employer because of the . . . national origin . . . of any individual . . . to discharge . . . such individual. . . .

On appeal numerous issues have been raised. We need however deal with only one of them. PSP complains that despite its request that all members of the Commission review the record prior to voting, this was not done. The record contains not only counsel for PSP's June 11, 1984 letter initiating this request, (RR 1544a) (the letter was sent only three days after the briefing schedule was complete) but also a follow-up letter sent December 10, 1984 after the Commission issued its December 4, 1984 decision. This December 10 letter specifically inquired whether the entire Commission had, in fact, reviewed the record. (RR 1546a). This letter was responded to by Edith E. Cox, Panel Advisor, who informed PSP that "the entire Commission did not review the entire written record. This procedure was upheld by Commonwealth Court in *[Department of Transportation v. Pennsylvania Human Relations Commission,* 84 Pa. Commonwealth Ct. 98, 480 A.2d 342 (1984)]." (RR 1547a). The Commission does not in its brief dispute the statement in Ms. Cox's letter.

While at the time this letter was sent by Ms. Cox, *i.e.,* January 8, 1985, the above cited case was the law, that case has now been reversed and in *Department of Transportation v. Pennsylvania Human Relations Commission,* 510 Pa. 401, 508 A.2d 1187 (1986) Justice McDermott held that Section 9 of the Act[2], which provides for hearing panels made up of three or more commissioners or a permanent hearing examiner, requires that the entire Commission review the record. Justice

---

[2] 43 P.S. §959.

McDermott further indicated that the statutory mandate that the Commission "review" the record is not satisfied by "a vacuous review" of a hearing panel's recommendation. *Id.* at 407, 508 A.2d at 1189. He also stated:

No meaningful review of the findings of fact can be made without reference to the record. In order to properly review findings of fact, the record from which they are derived must be examined in order to determine if the findings are based on substantial evidence. To merely read the findings without examining the record in order to determine if those findings are supported is not to 'review' those findings with the meaning and effect that tribunals regularly perform reviewing functions.

*Id.* at 407, 508 A.2d at 1189-90. Accordingly, in *Department of Transportation* the Supreme Court remanded "to the Commission for a full review of the record by the requisite eleven commissioners." *Id.* at 407, 508 A.2d at 1190.

Inasmuch as the entire Commission has admittedly not reviewed the record in the instant case, we must, under the holding in *Department of Transportation,* remand for them to do so.

### ORDER

Now, July 30, 1986, the order of the Pennsylvania Human Relations Commission, No. E 24312, dated December 4, 1984, is vacated and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.