## Llenza v. Wood

*George M. Riter,* for plaintiff.
*Frank W. Jenkins,* for defendant.

LOWE *J.,* June 8, 1987 — Defendant Lincoln T. Wood Jr. appeals from an order entered by this court on January 16, 1987 registering the May 16, 1986 divorce decree of the Superior Court of Puerto Rico, San Juan Section, in the Court of Common Pleas of Montgomery County, Pennsylvania.

The facts of record are as follows. On September 10, 1987 plaintiff and defendant were married in Montgomery County, Pa. Following a period of matrimonial discord, plaintiff became a resident of the Commonwealth of Puerto Rico where she filed for divorce on October 28, 1985. On May 16, 1986 the Superior Court of Puerto Rico, San Juan Section, entered judgment on the divorce proceedings. That court directed defendant to pay the sum of $500 per month for alimony. On November 3, 1986, plaintiff filed a petition to register divorce decree of the Superior Court of Puerto Rico in Montgomery County, Pa. Defendant filed an answer to plaintiff's

petition on December 8, 1986 and oral argument was heard by the undersigned on December 31, 1986. Plaintiff's petition was granted by this court on January 16, 1987. Defendant subsequently filed exceptions to the order and decree on January 26, 1987 which were dismissed on January 29, 1987.

In the statement of matters complained of on appeal filed pursuant to Pa.R.A.P. 1925(b), defendant contends this court erred in applying section 506 of the Divorce Code (23 P.S. §506) to register the divorce decree entered by the Superior Court of Puerto Rico. This contention is devoid of merit. Section 506 of the Pennsylvania Divorce Code (April 2, 1980, 23 P.S. §100 et seq.) governs the enforcement of foreign divorce and alimony decrees.

"Whenever a person subject to a valid decree of a sister state or territory for the payment of alimony, temporary alimony, or alimony pendente lite, or his or her property is found within this commonwealth, the obligee of such a decree may petition the court, where the obligor or his or her property is found, to register, adopt as its own, and to enforce the said decree as a duly issued and authenticated decree of a sister state or territory."

This court was provided with a valid divorce decree from Puerto Rico which provided for alimony payments of $500 a month to plaintiff Mariel Llenza. The constitution of the states requires each state to give full faith and credit to the final adjudication of every other state. U.S. Constitution, Article IV, section 1; see also, *Schifaro v. Schifaro,* 324 Pa. Super. 281, 293–4, 471 A.2d 839, 845 (1984). In Pennsylvania, a foreign decree is generally given the same effect which it would have in the issuing state. *Morris Lapidus Associates v. Airportels Inc.,* 240 Pa. Super. 80, 82–3, 361 A.2d 660, 662 (1976), allocatur denied. A sister state's divorce decree is

626

presumptively valid in this jurisdiction. *Watson v. Watson,* 243 Pa. Super. 23, 28, 364 A.2d 431, 433 (1976) allocatur denied. With respect to marital status of the parties in this case, the Puerto Rican decree must be given full faith and credit. *Williams v. North Carolina,* 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942); *Commonwealth v. Lorusso,* 189 Pa. Super. 403, 150 A.2d 370 (1959).

Further, the Divorce Code not only authorizes entry of an award of alimony but provides for registration and enforcement of foreign alimony decrees. "Our courts have never said foreign alimony awards were unenforceable. Indeed, such a stance might well be violative of the full faith and credit provision of the Constitution." *Commonwealth v. Mitchell,* 15 D.&C.3d 70, 71 (1980). Instantly, the payments of $500 per month are incident to the divorce decree. The Puerto Rican order is consistent with an alimony decree, and consequently, there is no reason to "look beyond" the decree to determine its purpose.

Defendant contends that this court erred in failing to apply the Revised Uniform Reciprocal Enforcement of Support Act (23 Pa.C.S. §4501 et seq.) to enforce the Puerto Rican divorce decree. The payments in question were to be provided to plaintiff in the form of alimony, and thus were enforced under section 506 of the Divorce Code. It was not necessary to apply URESA, because this court was not registering a foreign support order. The Divorce Code provides for alimony awards (23 P.S. §501); the enforcement of alimony arrearages (23 P.S. §503), and the enforcement of foreign alimony awards (23 P.S. §506). The Divorce Code defines alimony as "an order for support granted . . . to a spouse or former spouse in conjunction with a decree granting a divorce or annulment." 23 P.S.

§104. The award granted by the Puerto Rican court was granted in conjunction with the divorce decree, and was clearly in the nature of an alimony order. Having been entered in connection with a divorce decree, this court correctly held that the order is governed by the divorce code.

It should be noted that the divorce decree provided for alimony payments for the support of defendant Wood's children. While this may raise a doubt as to the validity of the decree, no evidence has been presented which would indicate that Puerto Rico would refuse to allow alimony payments to be used for the support of children. Further, the research of this court has disclosed no statutory or case law which would support a conclusion that alimony payments may not be used to support a party's children. Accordingly, the divorce decree was given full faith and credit consistent with its intended purpose.

Defendant next contends that the Puerto Rican divorce decree was invalid due to the fact that defendant did not appear at the proceedings in Puerto Rico. Failure to appear at a legal proceedings does not preclude a valid judgment from being entered against a party. *Dublin Sportswear v. Charlett,* 485 Pa. 633, 403 A.2d 568 (1979); *College Watercolor Group Inc. v. William H. Newbauer Inc.,* 468 Pa. 103, 360 A.2d 200 (1976); *Air Products and Chemicals v. Johnson,* 296 Pa. Super. 405, 442 A.2d 1114 (9182). Defendant has not alleged that he was not served a complaint nor properly notified of the impending proceeding. We observe that, absent proof to the contrary, the law presumes that public officials have acted properly. *Department of Transportation v. Pennsylvania Human Relations Commission,* 84 Pa. Commw. 98, 480 A.2d 342 (1984); *Seibert v. Unemployment Com-*

*pensation Board of Review;* 44 Pa. Commw. 506, 403 A.2d 1369 (1979). Accordingly, it is presumed that defendant was properly served and made aware of the instant divorce proceeding. Defendant presented no excuse for failing to appear and therefore the Puerto Rican court was justified in proceeding ex parte. *MaFarlane v. Hickelman,* 342 Pa. Super. 240, 492 A.2d 740 (1985). Contrary to the assertions of defendant, the Puerto Rican court validly exercised in personam jurisdiction.

In light of the foregoing, the decision of this court granting plaintiff's petition for registration, adoption, and enforcement of the foreign divorce decree should not be disturbed on appeal.